IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN W. FLINT,<br><br>        Plaintiff,<br><br>    v.<br><br>BENEFICIAL FINANCIAL I INC.;<br>PARIS AND PARIS, LLP; and DOES<br>1-10,<br><br>        Defendants.<br>_____ | 2:12-cv-01675-GEB-EFB<br><br>ORDER GRANTING MOTION TO<br>DISMISS IN PART AND REMANDING<br>STATE CLAIMS[*] |

        Defendants Beneficial Financial I Inc. ("Beneficial") and Paris and Paris, LLP ("Paris") each move for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Paris also "seeks leave to bring forward a motion for sanctions after the hearing of the instant motion." (Paris' Mot. to Dismiss ("Mot.") 17:5-6.) Plaintiff opposes the motions.

        This case was removed from state court based on federal question jurisdiction, premised on Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim. (Paris' Not. of Removal 1:23-28, ECF No. 2.) For the reasons stated below, Plaintiff's FDCPA claim will be

---

    [*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  dismissed with prejudice, and this action will be remanded to the state
2  court from which it was removed.
3       Further, since Paris has not shown that leave to bring a
4  sanction motion is necessary in light of the status of this case, this
5  request is denied.

## I. LEGAL STANDARD

7       Decision on the Rule 12(b)(6) dismissal motions requires
8  determination of "whether the complaint's factual allegations, together
9  with all reasonable inferences, state a plausible claim for relief."
10 Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d
11 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-
12 79 (2009)). "A claim has facial plausibility when the plaintiff pleads
13 factual content that allows the court to draw the reasonable inference
14 that the defendant is liable for the misconduct alleged." Iqbal, 556
15 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556
16 (2007)).

17       When determining the sufficiency of a claim, "[w]e accept
18 factual allegations in the complaint as true and construe the pleadings
19 in the light most favorable to the non-moving party[; however, this
20 tenet does not apply to] . . . legal conclusions . . . cast in the form
21 of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir.
22 2011) (citation and internal quotation marks omitted). "Therefore,
23 conclusory allegations of law and unwarranted inferences are
24 insufficient to defeat a motion to dismiss." Id. (citation and internal
25 quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting
26 Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and
27 conclusions' or 'a formulaic recitation of the elements of a cause of
28 action will not do.'").

## II. REQUEST FOR JUDICIAL NOTICE

Paris' dismissal motion includes a request that the Court take judicial notice of a complaint filed in a Yolo County Superior Court collections action ("state court collections action") and the Plaintiff's Declaration filed in support of his Motion to File a Cross-Complaint in the state court collections action. (Paris' Req. for Judicial Not. ("RJN") Exs. A, B.)

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks and citation omitted). However, a court may consider "matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Since judicial notice can be taken of "undisputed matters of public record, including documents on file in federal or state courts[,]" the referenced documents are judicially noticed. Harris v. Cnty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012)(taking judicial notice of a party's declaration filed in other litigation)(internal citation omitted).

## III. FACTUAL ALLEGATIONS

"On or about March 6, 2007, Plaintiff entered into a written agreement for a credit line of $10,000 . . . with Beneficial California, Inc., a predecessor by merger to Defendant [Beneficial]." (Compl., ECF

3

No. 2-1, at 6.) "Plaintiff fell behind in the payments" in or around November 2010. Id.

"Sometime in March 2011, Plaintiff received a letter from [Paris], . . . stating that they represented Defendant [Beneficial] as successor in interest to Beneficial California, Inc. and that Plaintiff had [thirty] days to dispute the account owing." Id. "On or about April 19, 2011, Plaintiff called [Paris]" and "spoke to [an individual named Robert who] . . . "told him that a payment would be taken into consideration as good faith that [Plaintiff] intended to pay which the 'lawyer would look at' and consider postponement of the lawsuit until [Plaintiff] could pay the past due amount." Id. "In reliance of these assurances, Plaintiff then made a payment of $250.00." Id.

Notwithstanding Plaintiff's payment of $250.00, "[Paris] filed suit on behalf of [Beneficial]" in June 2011. Id. at 5. The June 2011 lawsuit "falsely states that Plaintiff . . . failed to make any payments[,]" and "incorrectly states the amount owing because it fails to account for Plaintiff's payment of $250.00[.]" Id.

Plaintiff's claims stem from his allegations that Paris acted "in contravention of [their April 19, 2011] oral agreement" and that the June 2011 lawsuit includes intentional misstatements/omissions. Id. at 5-12.

## IV. DISCUSSION

### A. FDCPA

Defendants seek dismissal of Plaintiff's FDCPA claim, arguing, *inter alia*, "[t]he FDPCA is inapplicable to the collection of commercial debts." (Paris' Mot. 5:1.) Defendants further argue that Plaintiff "is bound by" the following averments made in his declaration filed in the state court collections action: "'On or about March 6, 2007, I entered

4

into a Revolving Loan Agreement ('Agreement') with Beneficial California, Inc. for a revolving line of credit up to $10,000 limit. I intended to use this line of credit to support my independent sign and graphics business.'" (Id. at 4:9-5:11 (quoting Paris' RJN, Ex. B, ¶2).)

Plaintiff rejoins that "[t]he FDCPA clearly applies in this case because on page 5 of the March 6, 2007 Revolving Loan Agreement, Plaintiff checked a box stating 'You do intend to use the proceeds of this loan primarily for personal, family, or household purposes.'" (Pl.'s Opp'n to Paris' Mot. 4:20-22.) Plaintiff further counters, that Paris' March 18, 2011 letter "states that the FDCPA . . . applies to the account[,]" and "Plaintiff did use the credit for his personal purposes." Id. at 4:23-24, 5:1-2.[2]

Paris replies that "Plaintiff does not contest that the debt he incurred with [sic] intended to support his independent sign and graphics business[; therefore] . . . [P]laintiff's intent has been conclusively determined that he took the loan for commercial purposes[.]" (Paris' Reply 1:27-2:2.) Paris further argues that Plaintiff's opposition focuses on Defendants' conduct and the preprinted language of the loan agreement; however, "the inquiry begins and ends with [Plaintiff's] declared intention[.]" Id. at 2:7-20.

"The FDCPA protects consumers from unlawful debt collection practices. Consequently, the Act applies to consumer debts and not business loans." Bloom v. I.C. System, Inc., 972 F.2d 1067, 1068 (9th

---

[2] The March 6, 2007 Loan Agreement and March 18, 2011 Letter are attached as Exhibits A and B to Plaintiff's Opposition. These documents may be considered in ruling on Defendants' Rule 12(b)(6) motions since "(1) the complaint refers to the document[s]; (2) the document[s are] central to the plaintiff's claim[s]; and (3) no party questions the authenticity of the document[s]." United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011).

Cir. 1992). "The FDCPA defines a consumer debt as, 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the ... property ... which [is] the subject of the transaction [is] primarily for personal, family, or household purposes[.]'" Slenk v. Transworld Systems, Inc., 236 F.3d 1072, 1074 (9th Cir. 2001)(quoting 15 U.S.C. § 1692a(5)).

"In determining whether a particular debt is covered by the FDCPA, the court must 'examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.'" Sun v. Rickenbacker Collection, No. 10-CV-01055-LHK, 2011 WL 704437, at *2 (N.D. Cal. Feb. 18, 2011)(quoting Bloom 972 F.2d at 1068). "[The district court] must therefore 'look to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone.'" Id. (quoting Riviere, et al. v. Banner Chevrolet, Inc., 184 F.3d 457, 462 (5th Cir. 1999)). Further, the relevant time period for determining the nature of the debt under the FDCPA is when the debt first arises, not when collection efforts begin. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC, 214 F.3d 872, 874-75 (7th Cir. 2000)(stating "the language of the [FDCPA] favors [the] interpretation" that "the relevant time is when the loan is made, not when collection is attempted").

Plaintiff "ha[s] not alleged that the debt at issue in this matter was 'primarily for personal, family, or household purposes.'" Sparlin v. Select Portfolio Servicing, Inc., Nos. CV 11-00240-TUC-CKJ, et al., 2012 WL 527486, at *10 (D. Ariz. Feb. 17, 2012)(quoting 15 U.S.C. § 1692(a)(5)). Plaintiff averred in the state court collections action that the intended purpose of the loan at issue was "to support

6

[his] . . . business." (Paris' RJN, Ex. B, ¶2.) Judicial notice may be taken "of [this] admitted fact." In re FedEx Ground Package System, Inc. v. Employment Practices Litigation, No. 3:05-MD-527 RM (MDL-1700), 2010 WL 1253891, at *4 (N.D. Ind. Mar. 29, 2010)("Court documents from another case may be used to show that . . . certain . . . admissions were made.")(citation omitted); see also Harris v. New York State Dept. of Health, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002)("[T]he Court may take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings[.]"). Plaintiff does not challenge this averment in his opposition; instead he argues that his use of the loan for personal purposes and the wording of the loan document bring the loan within the coverage of the FDCPA. However, "the relevant inquiry is into the purpose for which the loan was acquired, not [Plaintiff's] unilateral, unratified, after-the-fact actions." Manuel v. Shipyard Holdings, No. C 01-00883 WHA, 2001 WL 1382050, at *6 (N.D. Cal. Nov. 5, 2001)(citing Slenk, 236 F.3d at 1075). Moreover, in determining the nature of a debt under the FDCPA, the Ninth Circuit "elevate[s] substance over form[;] . . . [n]either the lender's motives nor the fashion in which the loan is memorialized are dispositive of this inquiry." Slenk, 236 F.3d at 1075 (quoting Bloom, 972 F.2d at 1068).

In light of Plaintiff's admissions, Plaintiff's FDCPA claim is dismissed with prejudice; granting leave to amend would be futile since the "allegation of other facts . . . could not possibly cure the deficiency" in Plaintiff's failure to allege an actionable FDCPA claim. Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010)(citation and internal quotation marks omitted).

### B. State Law Claims

Since the only claim asserting the basis of federal question jurisdiction has been dismissed, the issue is reached whether supplemental jurisdiction should continue being exercised over Plaintiff's state claims. "[Supplemental] jurisdiction is a doctrine of discretion, not of [a party's] right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

The "discretion [whether] to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), [and] is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in Gibbs. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [the] factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Three of the four Gibbs factors weigh against the continued exercise of supplemental jurisdiction over Plaintiff's state claims. Judicial economy does not favor continuing to exercise supplemental jurisdiction since time has not been invested analyzing the state claims. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice.") (citation omitted). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and

to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726. Therefore, Plaintiff's state claims will be remanded under 28 U.S.C. § 1367(c).

### V. CONCLUSION

For the stated reasons, Plaintiff's FDCPA claim is dismissed with prejudice, judgment shall be entered in favor of Defendants on Plaintiff's claim alleged under the Fair Debt Collection Practices Act, and Plaintiff's remaining state claims are remanded to the Superior Court of California, County of Yolo, from which this case was removed.

Dated: August 8, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge