IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN W. FLINT,<br><br>    Plaintiff,<br><br>    v.<br><br>BENEFICIAL FINANCIAL I INC.;<br>PARIS AND PARIS, LLP; and DOES<br>1-10,<br><br>    Defendants. | 2:12-cv-01675-GEB-EFB<br><br>ORDER DENYING MOTION FOR SANCTIONS |

        Defendant Paris and Paris, LLP ("Paris") seeks to recover attorney's fees for thirty-six hours of work expended in preparing and filing its dismissal motion as sanctions against Plaintiff under 28 U.S.C. § 1927, Federal Rule of Civil Procedure ("Rule") 11, and/or the Court's "inherent authority." See Paris' Mem. of P.&A. in Supp. of Mot. for Sanctions ("Mot."), ECF No. 20-1. In essence, Paris argues attorney's fees should be awarded as a sanction because Plaintiff's Fair Debt Collection Practices Act ("FDCPA") "claim was frivolous and brought 'recklessly' and without either substantial factual or legal support." Id. at 2:1-2, 4:18-21.

        Assuming *arguendo* that Plaintiff's conduct in alleging a FDCPA claim merits an award of attorney's fees under Rule 11, § 1927 and/or

the Court's inherent authority, Paris has not shown that it is entitled to the amount of attorney's fees requested. "When [a] sanctions award is based upon attorney's fees . . . , an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action." In re Yagman, 796 F.2d 1165, 1184-84 (9th Cir. 1986)(discussing award of attorney's fees as sanctions under Rule 11 and § 1927). For example, Rule 11 permits "an order directing payment to the movant of part or all of the reasonable attorney's fees . . . **directly resulting from** the violation." Fed. R. Civ. P. 11(c)(4)(emphasis added). Similarly, "[s]ection 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct." United States v. Blodgett, 709 F.2d 608, 610-11 (9th Cir. 1983). And, "cases that have considered the district court's inherent power to sanction attorneys for litigating in bad faith have related such sanctions to the amount of fees incurred by the opposing party . . . ." Id. at 611.

     Paris requests an award of attorney's fees for all of the work conducted in researching and preparing its dismissal motion. See Decl. of Jeffrey Paris in Supp. of Mot., ECF No. 20-2. However, that motion challenged Plaintiff's five state law claims as well as the FDPCA claim. (ECF No. 6.) Paris has not provided any evidence which would enable the Court to allocate the work performed concerning Plaintiff's FDCPA claim. Accordingly, "a sanctions award [cannot] be quantifi[ed] with [any] precision [or] properly itemized in terms of the perceived misconduct

and the sanctioning authority[.]" In re Yagman, 796 F.2d at 1184. For the stated reasons, Paris' sanctions motion is DENIED.

Dated: October 25, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge