IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
BENJAMIN W. FLINT,                )
                                  )    2:12-cv-01675-GEB-EFB
            Plaintiff,            )
                                  )
       v.                         )    ORDER DENYING MOTION FOR
                                  )    SANCTIONS*
BENEFICIAL FINANCIAL I INC.;      )
PARIS AND PARIS, LLP; and DOES    )
1-10,                             )
                                  )
            Defendants.           )
_____ )
```

      Defendant Paris and Paris, LLP ("Defendant") moves for sanctions in the form of attorney's fees under 28 U.S.C. § 1927, Federal Rule of Civil Procedure ("Rule") 11, 15 U.S.C. § 1692k(a)(3), and the Court's "inherent authority." (Def.'s Mot. 2:24-25, ECF No. 27.) Defendant argues this motion should be granted because Plaintiff's Fair Debt Collection Practices Act (FDCPA) claim, which was dismissed with prejudice in response to a dismissal motion, "was frivolous and brought 'recklessly' and without either substantial factual or legal support." (Id. 2:7-8.) Plaintiff opposes the motion indicating that the facts involved with his debt on which his FDCPA claim was based are not such that he is exposed to a sanction for litigating the claim. (Pl.'s Opp'n to Def.'s Mot. 3:8-5:10, ECF No. 28.) Plaintiff further counter-moves in his opposition for sanctions under Rule 11. (Id. 6:1-9:2.)

---

      * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  Each movant's sanction request under Rule 11 is denied because each movant failed to show "compli[ance] with the safe harbor provision" required under Rule 11(c)(2). Anselmo v. Mull, No. CIV. 2:12-1422 WBS EFB, 2012 WL 4863661, at *4 (E.D. Cal. Oct. 11, 2012). "[A party]'s failure to comply with the mandatory procedural requirements of Rule 11 make[s] sanctions inappropriate." Deering v. Lassen Cmty. Coll. Dist., No. 2:07-CV-01521 JAM DAD, 2008 WL 4570339, at *8 n.2 (E.D. Cal. Oct. 14, 2008) (citing Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 788-89 (9th Cir. 2001)).

Defendant's sanction request "under 28 U.S.C. § 1927" is also denied because this statute does "not apply to complaints or initial pleadings." De Dios v. Int'l Realty & Invs., 641 F.3d 1071, 1076 (9th Cir. 2011) (citing In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996)). The motion concerns Plaintiff's initial complaint.

Further, Defendant has not shown that sanctions should be awarded under 15 U.S.C. § 1692k(a)(3), which requires "a finding by the court that [Plaintiff's FDCPA claim] was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3) (emphasis added). Defendant does not assert that Plaintiff's purpose in filing the FDCPA claim was to harass. (See Def.'s Mot.) Instead, "Defendant asserts that [P]laintiff's FDCPA claim was frivolous and brought 'recklessly' and without either substantial factual or legal support." (Id. 2:7-8.) Defendant "offers no evidence, other than its conclusory assertion[s] that [Plaintiff's claim is] frivolous[, reckless, and without factual or legal support], to support a finding that [Plaintiff]'s claim[ was] necessarily brought . . . with the purpose of harassing [Defendant]." Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 940-41 (9th Cir. 2007); see also Bonner v. Redwood Mortg. Corp., No. C 10-00479 WHA, 2010 WL

2528962, at *5 (N.D. Cal. June 18, 2010) ("Defendants' conclusory assertion that plaintiff's purpose was to harass does not entitle them to attorney's fees under the federal Debt Collection Practices Act."). For the reason stated, the motion does not satisfy the 15 U.S.C. § 1692k(a)(3) standard and is denied.

Lastly, the court declines Defendant's request to use its inherent authority to impose a sanction. "Courts have the ability to address the full range of litigation abuses through their inherent powers." F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)). However, "it is preferable that courts utilize the range of federal rules and statutes dealing with misconduct and abuse of the judicial system." Id. at 1136-37 (citing Chambers, 501 U.S. at 43-44); Chambers, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion." (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)). The court declines to exercise its inherent authority under the circumstances here where a federal rule and statute were available to deal with the misconduct and abuse about which the movant complains.

For the stated reason, each sanction motion is denied.

Dated: February 11, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge