IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN W. FLINT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BENEFICIAL FINANCIAL I INC.;<br>PARIS AND PARIS, LLP; and DOES<br>1-10,<br><br>　　　　Defendants. | 2:12-cv-01675-GEB-EFB<br><br>ORDER DENYING MOTION FOR<br>SANCTIONS[*] |

　　　　Defendant Paris and Paris, LLP ("Defendant") moves for sanctions in the form of attorney's fees under 28 U.S.C. § 1927, Federal Rule of Civil Procedure ("Rule") 11, 15 U.S.C. § 1692k(a)(3), and the Court's "inherent authority." (Def.'s Mot. 2:24-25, ECF No. 27.) Defendant argues this motion should be granted because Plaintiff's Fair Debt Collection Practices Act (FDCPA) claim, which was dismissed with prejudice in response to a dismissal motion, "was frivolous and brought 'recklessly' and without either substantial factual or legal support." (Id. 2:7-8.) Plaintiff opposes the motion indicating that the facts involved with his debt on which his FDCPA claim was based are not such that he is exposed to a sanction for litigating the claim. (Pl.'s Opp'n to Def.'s Mot. 3:8-5:10, ECF No. 28.) Plaintiff further counter-moves in his opposition for sanctions under Rule 11. (Id. 6:1-9:2.)

---

　　[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  Each movant's sanction request under Rule 11 is denied because
2  each movant failed to show "compli[ance] with the safe harbor provision"
3  required under Rule 11(c)(2). Anselmo v. Mull, No. CIV. 2:12-1422 WBS
4  EFB, 2012 WL 4863661, at *4 (E.D. Cal. Oct. 11, 2012). "[A party]'s
5  failure to comply with the mandatory procedural requirements of Rule 11
6  make[s] sanctions inappropriate." Deering v. Lassen Cmty. Coll. Dist.,
7  No. 2:07-CV-01521 JAM DAD, 2008 WL 4570339, at *8 n.2 (E.D. Cal. Oct.
8  14, 2008) (citing Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 788-89
9  (9th Cir. 2001)).

10  Defendant's sanction request "under 28 U.S.C. § 1927" is also
11  denied because this statute does "not apply to complaints or initial
12  pleadings." De Dios v. Int'l Realty & Invs., 641 F.3d 1071, 1076 (9th
13  Cir. 2011) (citing In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 435
14  (9th Cir. 1996)). The motion concerns Plaintiff's initial complaint.

15  Further, Defendant has not shown that sanctions should be
16  awarded under 15 U.S.C. § 1692k(a)(3), which requires "a finding by the
17  court that [Plaintiff's FDCPA claim] was brought in bad faith and for
18  the purpose of harassment." 15 U.S.C. § 1692k(a)(3) (emphasis added).
19  Defendant does not assert that Plaintiff's purpose in filing the FDCPA
20  claim was to harass. (See Def.'s Mot.) Instead, "Defendant asserts that
21  [P]laintiff's FDCPA claim was frivolous and brought 'recklessly' and
22  without either substantial factual or legal support." (Id. 2:7-8.)
23  Defendant "offers no evidence, other than its conclusory assertion[s]
24  that [Plaintiff's claim is] frivolous[, reckless, and without factual or
25  legal support], to support a finding that [Plaintiff]'s claim[ was]
26  necessarily brought . . . with the purpose of harassing [Defendant]."
27  Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 940-41 (9th Cir. 2007);
28  see also Bonner v. Redwood Mortg. Corp., No. C 10-00479 WHA, 2010 WL

1  2528962, at *5 (N.D. Cal. June 18, 2010) ("Defendants' conclusory
2  assertion that plaintiff's purpose was to harass does not entitle them
3  to attorney's fees under the federal Debt Collection Practices Act.").
4  For the reason stated, the motion does not satisfy the 15 U.S.C.
5  § 1692k(a)(3) standard and is denied.
6        Lastly, the court declines Defendant's request to use its
7  inherent authority to impose a sanction. "Courts have the ability to
8  address the full range of litigation abuses through their inherent
9  powers." F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244
10 F.3d 1128, 1136 (9th Cir. 2001) (citing Chambers v. NASCO, Inc., 501
11 U.S. 32, 46 (1991)). However, "it is preferable that courts utilize the
12 range of federal rules and statutes dealing with misconduct and abuse of
13 the judicial system." Id. at 1136-37 (citing Chambers, 501 U.S. at
14 43-44); Chambers, 501 U.S. at 44 ("Because of their very potency,
15 inherent powers must be exercised with restraint and discretion."
16 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)). The
17 court declines to exercise its inherent authority under the
18 circumstances here where a federal rule and statute were available to
19 deal with the misconduct and abuse about which the movant complains.
20       For the stated reason, each sanction motion is denied.
21 Dated:  February 11, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge